DECISION OF DISMISSAL
This matter is before the court on its own motion to dismiss Plaintiffs' appeal for failure to petition the county board of property tax appeals (board) before appealing to the Tax Court, and for not satisfying the requirements of ORS 305.288.[1]
The appeal involves Plaintiffs' condominium, identified in the assessor's records as Account 05012194. The tax year at issue is 2007-08. Plaintiffs paid $202,000 for the property in April 2008. The real market value (RMV) on the assessment and tax rolls as of January 1, 2007, was $312,180; that value includes $145,480 of exception RMV. The assessed value (AV) is $171,062.
The parties agree that the property is overvalued — the correct RMV should be $265,000, and the AV reduced to $147,396. Because of the timing of their purchase, Plaintiffs did not petition the board before appealing to the Tax Court.
The parties' value agreement does not amount to an error in value of at least 20 percent, therefore, the court's authority to order a reduction in value under ORS 305.288(1)[2] is lacking. *Page 2 
That leaves only subsection (3) of the statute, which requires Plaintiffs to demonstrate that they failed to petition the board by reason of extraordinary circumstances beyond their control. ORS305.288(3) (authorizing the court to order a reduction in value where there is "good and sufficient cause" for the taxpayer's failure to petition the board); ORS 305.288 (5)(b) (defining "good and sufficient cause" as "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal."). Plaintiffs have made no such claim. The parties indicated to the court that they would execute a stipulated agreement and submit it to the Department of Revenue for review and approval under the provisions of ORS 306.115. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed for lack of jurisdiction.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] That statute authorizes the court to order a reduction in the value of a separate assessment of property if the taxpayer asserts an error in value of at least 20 percent, and the court determines that such an error exists. See ORS 305.288(1)(b) *Page 1